UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIA LUQUIN DE GARZA,<br>Defendant. | Case No.:  19-CR-00350-GPC<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF Nos. 52, 64]** |

On September 19, 2022, Defendant Maria Luquin De Garza ("Defendant" or "Luquin") filed a *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 52. On October 27, 2022, Federal Defenders filed a status report notifying the Court they would accept appointment as counsel. ECF No. 56. On January 31, 2023, with the assistance of counsel, Luquin filed a supplemental motion to reduce sentence under § 3582(c)(1)(A)(i). ECF No. 64. On February 23, 2023, the United States filed a non-opposition. ECF No. 72. On February 27, 2023, Luquin filed her reply, ECF No. 73. For the reasons below, Luquin's Motion is **GRANTED**.

# BACKGROUND

Luquin was convicted by guilty plea of two counts of Importation of Methamphetamine and Importation of Heroin in violation of 21 U.S.C. §§ 952, 960. ECF No. 44. On August 23, 2019, this Court sentenced her to 71 months imprisonment, followed by 4 years of supervised release. ECF No. 44 at 2–3. Luquin self-surrendered on or about October 11 and is currently incarcerated at FDC Honolulu. ECF No. 64 at 5–6. Her projected release date is October 16, 2024, and she has served 40 months in prison.[1] ECF No. 72 at 1.

Luquin seeks compassionate release because of her age and deteriorating mental and physical health conditions. ECF No. 64 at 4. In her supplemental motion for compassionate release, Luquin states she is 68 years old and suffers from "serious mental, emotional, and physical health conditions." *Id.* She has been diagnosed with unspecified schizophrenia spectrum and other psychotic disorders and cannot provide adequate self-care; she also suffers from multiple physical health issues. *Id* at 2–4. Luquin argues that her health issues constitute "extraordinary and compelling" reasons for a reduction in sentence and that she also meets the additional two prongs of the statute. *Id* at 4.

Luquin has no prior criminal convictions. ECF No. 38 ("PSR") at 8. In her supplemental motion, Luquin states that she submitted a request for compassionate release to the warden at FDC Honolulu on November 29, 2022. ECF No. 64 at 14–15. Her supplemental motion was file on January 31, 2023. ECF No. 64.

---

[1] Luquin's statutory projected release date is October 16, 2024; if she is eligible for the Elder Offender Program, her projected release date would be September 11, 2023. *See* ECF No. 64, Exh. F.

# DISCUSSION

Luquin moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant parts that "[t]he court may not modify a term of imprisonment once is has been imposed," except:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction;
>> . . . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are four questions before the Court:  (1) whether Luquin has satisfied the administrative exhaustion requirement; (2) whether Luquin has demonstrated extraordinary and compelling reasons for a sentence reduction; (3) whether any reduction in Luquin's sentence would be consistent with applicable policy statements issued by the Sentencing Commission; and (4) whether the § 3553(a) factors, to the extent they are applicable, weigh against Luquin's sentence reduction. *See also United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (discussing steps a district court must take to grant or deny a motion for compassionate release under the First Step Act).

Under the original compassionate release statute, only the BOP Director could file a § 3582(c)(1)(A) motion on behalf of a Defendant. *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). In 2018, Congress passed the First Step Act and amended

§ 3582(c)(1)(A) to allow a defendant to directly petition the court for a sentence reduction, provided they have met the exhaustion requirement. Pub. L. No. 115-391, 132 Stat. 5194; *see also United States v. Young*, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020) ("The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request . . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).").

### A.    Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may petition the court for release. Under this requirement, courts may consider a motion for compassionate release only if defendant has either fully exhausted all administrative remedies or 30 days have lapsed from the receipt of such a compassionate release request by the warden, whichever is earlier.

On November 29, 2022, Luquin submitted a request for compassionate release to the warden. ECF No. 64 at 15. She filed her supplemental motion for compassionate release in this Court on January 31, 2023, which was more than 30 days from the date of her request to the warden. *Id*. The Government concedes Luquin has properly exhausted her administrative remedies. ECF No. 72 at 2. Thus, the Court finds that Luquin has properly exhausted administrative remedies and proceeds to the merits of her motion.

### B.    Extraordinary And Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). Congress did not provide a statutory definition as to what constitutes

4

"extraordinary and compelling reasons," and instead stated that the Sentencing Commission should provide guidance on what is appropriately considered "extraordinary and compelling reasons" that warrant a sentence reduction. *Aruda*, 993 F.3d at 800.

Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found at U.S.S.G. § 1B1.13.[2] Application Note 1 to this Guidelines provision describes four categories of "extraordinary and compelling reasons": (1) Medical Condition of the Defendant; (2) Age of the Defendant; (3) Family Circumstances; and (4) any other extraordinary and compelling reason as determined by the Director of BOP. *Id.* at 801. However, as noted by the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "the Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) [in 2018]. The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed . . . ." *Id.* As a result, the *Aruda* Court held that Section 1B1.13 is not an "applicable policy statement[]" for motions under 18 U.S.C.

---

[2] Section 1B1.13 provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

§ 3582(c)(1)(A) filed by a defendant in federal court. *Id.* at 802. The Court therefore may consider the Sentencing Commission's guidance in Section 1B1.13, but the Court is not bound by the Commission's definition of extraordinary and compelling reasons. *Id.*

The Court must now determine whether Luquin presents extraordinary and compelling reasons justifying her release. The Court cannot not treat Section 1B1.13 as binding. *See Wright*, 46 F.4th at 946 (stating § 1B1.13 cannot be treated as binding on a district court).

Luquin argues that her medical condition presents "extraordinary and compelling reasons" to justify a reduction in her sentence. ECF No. 64 at 15–16. Under § 1B1.13, "extraordinary and compelling reasons exist" based on a "Medical Condition of the Defendant" if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G.§ 1B1.13 cmt. n.1(A)(ii)(I).71. Luquin states that her medical records reveal she often "appears disheveled, does not shower, has gone several days without sleeping or eating due to fear of being poisoned by other inmates, and has gone as many as four days without going to the restroom." ECF No. 64 at 16. Luquin argues her medical condition fits within the definition of extraordinary and compelling reasons because her physical and mental health has deteriorated substantially "to the point where she can only provide very limited, if any, self-care." *Id* at 15.

Additionally, Luquin argues that her serious mental illness and other physical ailments justify compassionate release. *Id* at 17–19. At age 68, Luquin suffers from multiple mental and emotional disorders, including anxiety disorder, major depressive disorder, unspecified neurocognitive disorder, and "unspecified behavioral syndromes associated with physiological disturbances and physical factors." *Id* at 3.  Luquin also suffers physical ailments, including Type II diabetes mellitus, hypertension, etc. *Id*. The

6

1    Government does not oppose Defendant's Motion and agrees that Luquin's age and
2    deteriorating mental condition present extraordinary and compelling circumstances. ECF
3    No. 72 at 2.

4            Thus, the Court finds that Luquin has presented extraordinary and compelling
5    reasons justifying her release due to her age and deteriorating mental and physical health
6    conditions.

7    **C. § 3553(a) Factors and Public Safety**

8            Before determining if release is warranted, the Court must consider public safety
9    and the Section 3553(a) factors. 18 U.S.C. §§ 3582(c)(1)(A)(ii); § 3553(a). These factors
10   include: the nature and circumstances of the offense; the history and characteristics of the
11   defendant; and the need for the sentence imposed to reflect the seriousness of the offense
12   and provide just punishment. 18 U.S.C. § 3553(a).

13           Luquin argues she has "served much of her sentence while seriously ill and in
14   physical discomfort." ECF No. 64 at 20. Further incarceration in her condition "would be
15   greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2)." *Id*.

16           Luquin was convicted of drug trafficking offenses. ECF No. 44. She has no prior
17   criminal convictions. ECF No. 38, at 8. Although drug trafficking often poses a risk of
18   danger to the public, according to the BOP, Luquin's recidivism risk level classification
19   is "minimum," and her prison security level classification is "low." ECF No. 64, Exh. J.
20   Luquin argues that her diminished physical and mental capabilities will reduce the risk of
21   danger she might pose to the public. In addition, the Court may continue monitoring her
22   progress in the community during the four years of her supervised release. Thus, the
23   Court finds that Luquin does not pose a danger to the community should her sentence be
24   reduced.

25           In deciding whether to grant Luquin's motion, the Court must also consider
26   whether the sentence served reflects the seriousness of the offense committed and

27
28
                                          7

promotes respect for the law. The Court imposed 71 months imprisonment, followed by 4 years of supervised release. ECF No. 44 at 2–3. Luquin has two projected release dates. If she is eligible for the Elder Offender Program, her projected release date would be September 11, 2023. ECF No. 64, Exh. F. Under that program, she has served over 85% of her sentence and will be released within the next seven months. ECF No. 64, at 21. Without that program, her projected release date will be October 16, 2024. ECF No. 64, Exh. F. Luquin states that as of January 31, 2023, she has served over 65% of her sentence if she is not released under the Elder Offender Program. *Id.* The Government agrees and states that, although Luquin's crimes were serious, her age, limited criminal history, health ailment, and the amount of time served in prison make a reduction in sentence appropriate. ECF No. 72, at 2.

Accordingly, the Court finds that a sentence reduction would be consistent with the sentencing factors set forth in § 3553(a) and would not pose an undue risk to public safety.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) is **GRANTED**. Luquin's sentence is **MODIFIED** and **REDUCED** to time served, effective immediately.

The Court further **ORDERS** that if Luquin is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon release, she shall contact the U.S. Probation Office in San Diego within 24 hours. Luquin shall thereafter abide by the terms of supervised release set out in the original Judgment.

**IT IS SO ORDERED.**

Dated:  April 5, 2023

Hon. Gonzalo P. Curiel
United States District Judge

8